91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel A. FONSECA-SALGADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70081.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1996.*
Decided July 12, 1996.
 
 1
 Before: SCHROEDER and HAWKINS, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Miguel Fonseca-Salgado, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 Fonseca-Salgado contends that the IJ erred by applying the "clear probability" standard to his asylum claim instead of the appropriate "well-founded fear" standard. We disagree.
 
 
 5
 Questions of law, such as whether the IJ applied the appropriate legal standard, are reviewed de novo. Arteaga v. INS, 836 F.2d 1227, 1228 (9th Cir.1988).[1] This court must " 'address questions relating to the standard applied ... on a case-by-case basis, deciding each not on the basis of certain magic words, but on the basis of what the [IJ] actually did.' " Rodriguez v. INS, 841 F.2d 865, 870 (9th Cir.1987) (quoting Rebollo-Jovel v. INS, 794 F.2d 441, 444 (9th Cir.1986). If reading the IJ's entire decision in proper context indicates that the appropriate standard was applied, a few "inartfully chosen" words of the IJ will not be dispositive of the issue. Rodriguez-Rivera v. INS, 848 F.2d 998, 1004 (9th Cir.1988); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1579 (9th Cir.1986).
 
 
 6
 Fonseca-Salgado contends that the IJ applied the "clear-probability" standard to his asylum claim based on the following portions of the IJ's decision:
 
 
 7
 What [Fonseca-Salgado] has not presented is any objective evidence from which I could conclude that Sandinistas are systematically assassinating all of those that they perceive to be their opponents.... [I] find that [Fonseca-Salgado] has not demonstrated on this record that he would be assassinated upon return to Nicaragua.
 
 
 8
 Here, the IJ employed the above-mentioned language in the context of his discussion of whether Fonseca-Salgado had demonstrated an objectively reasonable fear of future persecution when he had failed to demonstrate that the Sandinistas ever considered him an opponent, or that he had ever had a reasonable fear of persecution on account of political opinion while he was in Nicaragua. The IJ reasoned that Fonseca-Salgado had failed to demonstrate an objectively reasonable fear of persecution "for now making his opposition to the Sandinistas known," for he did not present any objective evidence that the Sandinistas were systematically eliminating all their opponents. A reading of the IJ's decision in proper context demonstrates that the IJ applied the "well-founded fear standard." See Rodriguez-Rivera, 848 F.2d at 1004; Sanchez-Trujillo, 801 F.2d at 1579.
 
 
 9
 Fonseca-Salgado further contends that substantial evidence does not support the IJ's finding that Fonseca-Salgado failed to establish either a well-founded fear of future persecution or a clear probability of persecution. We disagree.
 
 
 10
 Factual findings underlying the IJ's denial of asylum and withholding of deportation are reviewed under the substantial evidence standard. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The IJ's decision should be upheld unless the evidence not only supports a contrary conclusion but compels it. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). In determining whether the well-founded fear of persecution has been met, this court must determine whether substantial evidence supports the IJ's decision regarding: (1) whether the alien has a subjective fear, and (2) whether this fear has enough of an objective basis that it can be considered "well-founded." See Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995). The objective component requires a showing by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution. Id. The applicant "must present some evidence, direct or circumstantial," that the persecutor would be motivated by the applicant's actual or imputed political opinion. Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992)). Punishment on account of military desertion does not constitute persecution. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). The fact that similarly situated family members have lived in the applicant's country without incident provides substantial evidence to support the IJ's decision. Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996).
 
 
 11
 Here, the IJ's finding that Fonseca-Salgado's fear of future persecution was not objectively reasonable is supported by substantial evidence. Fonseca-Salgado's testimony concerning a warrant for his arrest and a man-hunt by members of state security and Sandinista youth demonstrated that he faced prosecution, and not persecution, because of his desertion.[2] See Abedini, 971 F.2d at 191. Additionally, Fonseca-Salgado's testimony concerning a vague threat of death, without more, does not compel a finding that Fonseca-Salgado's fear of persecution was objectively reasonable. See Elias-Zacarias, 502 U.S. at 483-84; Ghaly, 58 F.3d at 1428. Moreover, Fonseca-Salgado's testimony does not support an inference that the person who made the death threat was either aware of Fonseca-Salgado's political opinion, if any, or that the person imputed a political opinion to him. See Elias-Zacarias, 502 U.S. at 482. Furthermore, Fonseca-Salgado's testimony that his parents and four of his siblings have remained in Nicaragua and are financially well-off provided substantial evidence to support the IJ's decision that Fonseca-Salgado failed to demonstrate a well-founded fear of future persecution. See Aruta, 80 F.3d at 1395.
 
 
 12
 Accordingly, we affirm the IJ's denial of asylum. Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we similarly affirm the IJ's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Here, because the BIA incorporated the IJ's opinion, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)
 
 
 [2]
 Because neither the IJ nor the BIA made an explicit finding regarding Fonseca-Salgado's credibility, we must accept Fonseca-Salgado's testimony as credible. See Hartooni v. INS, 21 F.3d 336, 336 (9th Cir.1994)